**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| J.C. LISTER, ) | |
| ) | |
| Petitioner, ) | 3:12-cv-00456-RCJ-VPC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| JAMES GREG COX, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss (ECF #13). Petitioner filed a response (ECF #18), and respondents replied (ECF #20).

**I. Procedural History and Background**

On July 22, 2010, petitioner J.C. Lister ("petitioner") was charged in an information with two counts of trafficking in a controlled substance, in violation of NRS 453.3385(2), a category B felony, the first count for methamphetamine and the second count for cocaine (ex. 18).[1]

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF #13, and are found at ECF #s 15-16.

On August 10, 2010, petitioner pleaded guilty to trafficking a controlled substance (ex. 23). On that day, the guilty plea agreement was filed. In exchange for petitioner's guilty plea to count I of the information, the State agreed to dismiss count II. The parties were free to argue at sentencing (ex. 22).

On May 10, 2011, the state district court sentenced petitioner to serve a minimum term of sixty (60) months to a maximum term of one hundred fifty (150) months in the Nevada State Prison consecutive to the sentence imposed in federal case no. 3:10-cr-00071-LRH-RAM (ex. 47). The judgment of conviction was filed on May 18, 2011 (ex. 48).

Petitioner appealed and claimed that both the federal and state government initiated multiple transactions for drugs in multiple jurisdictions which constituted sentencing entrapment and that such outrageous government conduct violated "fundamental fairness principles" (ex.'s 51, 57 at 1). Petitioner contended that while he was predisposed to commit the crime, the government's conduct was sufficiently outrageous to mandate a concurrent sentence. He also argued that the state district judge failed to make express findings with respect to sentence entrapment (ex. 57 at 3). The state filed its fast-track response on August 22, 2011 (ex. 60). On November 18, 2011, the Nevada Supreme Court affirmed the judgment of conviction (ex. 61). Remittitur issued on December 15, 2011 (ex. 63).

Petitioner states that on August 22, 2012, he mailed or handed to a correctional officer for mailing his federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody (ECF #7 at 1). Respondents argue that the petition should be dismissed because all grounds are unexhausted.

**II. Legal Standard - Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted

1 until the petitioner has given the highest available state court the opportunity to consider the claim
2 through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916
3 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

4       A habeas petitioner must "present the state courts with the same claim he urges upon the
5 federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of
6 a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.
7 *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To
8 achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims
9 under the United States Constitution" and given the opportunity to correct alleged violations of the
10 prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d
11 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear
12 instruction to potential litigants: before you bring any claims to federal court, be sure that you first have
13 taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v.
14 Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due
15 process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala
16 v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw
17 that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th
18 Cir. 2003) (en banc).

19       A claim is not exhausted unless the petitioner has presented to the state court the same
20 operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept.
21 Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the
22 petitioner presents to the federal court facts or evidence which place the claim in a significantly different
23 posture than it was in the state courts, or where different facts are presented at the federal level to
24 support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.
25 Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).
26

**III. Petition in the Instant Case**

    **A. Ground 1**

In ground 1 of the federal petition, petitioner alleges that federal and state government agents acted in concert and initiated multiple transactions for drugs in multiple jurisdictions and that state task force agents used federal ATF funds to purchase the controlled substances involved in the state case (ECF #7 at 3). He further contends that state task force agents enticed him to travel from Washoe County to Pershing County in order to find a jurisdiction sympathetic to their mission involving outrageous government conduct and sentencing entrapment and manipulation. *Id*. Judge Wagner failed to make findings of facts on this issue and then sentenced petitioner to a term to run consecutive to his federal sentence. *Id*. Petitioner alleges that these actions violated his Fifth and Fourteenth Amendment rights to fundamental fairness and due process. *Id*.

    **B. Ground 2**

Petitioner alleges that a federal agent arranged for Nevada agents to entice him to travel to Pershing County, state agents used federal funds to purchase controlled substances from him, and that he was the target of a federal/state sting operation (ECF #7 at 5). He contends that this "outrageous government conduct" resulted in his consecutive sentences. *Id*. He claims violations of his Fifth and Fourteenth Amendment rights to be free from outrageous conduct and due process. *Id*.

    **C. Ground 3**

Petitioner asserts that his rights under the Fifth and Fourteenth Amendment to be free from sentence entrapment and to due process have been violated because the federal and state agencies acted in concert with each other to arrange multiple drug transactions in multiple diverse jurisdictions so as to accomplish their mission of consecutive sentences for petitioner (ECF#7 at 7). He also alleges that Judge Wagner failed to make factual findings on petitioner's claims of violations of fundamental fairness by outrageous government conduct and sentencing entrapment. *Id*.

**IV. Exhaustion of Grounds 1-3**

First, the court dismisses grounds 2 and 3 as duplicative of ground 1. Next, respondents assert that all three grounds (now considered ground 1 by this court) of petitioner's federal petition are unexhausted (ECF #13 at 8-11). In his direct appeal, petitioner argued that federal and state agents initiated multiple transactions for drugs in multiple jurisdictions, which constituted sentencing entrapment (ex. 57 at 7). He acknowledged that he was predisposed to commit the crime but contended that such outrageous government conduct violated fundamental fairness principles so as to mandate a concurrent sentence. *Id*.

Petitioner may claim he exhausted state remedies only if his federal claim was "fairly presented" to the Nevada Supreme Court. *Arrendondo v. Neven*, No. 11-15581, 2014 WL 4056516, at *12 (9th Cir. Aug. 18, 2014). A federal claim is not fairly presented unless the petitioner alerts the state court to his federal claim explicitly or implicitly, such as by "citing in conjunction with the claim . . . a case deciding such a claim on federal grounds." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Respondents are correct that petitioner did not explicitly base his claims on direct appeal on the Fifth or Fourteenth Amendments. However, he relied on two United States Supreme Court cases, *Hampton v. United States*, 425 U.S. 484 (1976) and *U.S. v. Russell*, 411 U.S. 423 (1973), as well as several Ninth Circuit opinions on entrapment and sentencing entrapment (ex. 57 at 7-8). In *Russell*, the Court discussed the defense of entrapment and noted that the government's conduct there violated no independent constitutional right of the respondent and that entrapment is a non-constitutional defense. 425 U.S. at 430, 432-433. However, the Court also analyzed whether law enforcement's conduct in that case was so outrageous as to violate fundamental fairness and shock the universal sense of justice, and therefore, run afoul of the Due Process Clause of the Fifth Amendment. *Id*. at 432. The Court ultimately determined that the conduct at issue did not rise to that level, and in fact, was "scarcely objectionable." *Id*. Nevertheless, the Court addressed the federal constitutional due process argument, and therefore, petitioner's citation to the case in his direct appeal is sufficient to exhaust his petition. *See Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (holding that a petitioner exhausts state remedies

5

by either referencing specific provisions of the federal constitution or citing federal case law), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001). Accordingly, the court rejects respondents' contention that petitioner has failed to exhaust ground 1, and therefore, respondents' motion to dismiss is denied as to ground 1.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF #13) is **GRANTED** in part and **DENIED** in part as follows:

1. Grounds 2 and 3 are **DISMISSED** as duplicative of ground 1.

2. Ground 1 is **EXHAUSTED**.

**IT IS FURTHER ORDERED** that respondents shall have **thirty (30) days** from the date of this order in which to file an answer to petitioner's remaining ground for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

Dated this 30th day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE