UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| J.C. LISTER,<br><br>                        Petitioner,<br>    v.<br><br>JAMES GREG COX, et al.,<br><br>                        Respondents. | Case No. 3:12-cv-00456-RCJ-VPC<br><br>ORDER |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by petitioner J.C. Lister is before the Court for final disposition of the merits of the remaining ground. Respondents have answered the petition (ECF No. 24), and Lister replied (ECF Nos. 28, 30).

**I.      Procedural History and Background**

On August 10, 2010, Lister pleaded guilty to trafficking a controlled substance (exhibits to respondents' motion to dismiss, ECF No. 13, exh. 23).[1] The state district court sentenced him to a term of sixty to one-hundred-fifty months, consecutive to the sentence imposed in Case No. 3:10-cr-0071-LRH-RAM. Exh. 47. The judgment of conviction was filed on May 18, 2011. Exh. 48. Lister appealed, and the Nevada Supreme Court affirmed his sentence on November 18, 2011. Exh. 61. Remittitur issued on December 15, 2011. Exh. 63.

---

[1] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 13 and are found at ECF Nos. 14-16.

1

Lister dispatched this federal petition for writ of habeas corpus on August 22, 2012 (ECF No. 7). Respondents have answered the remaining ground (ECF No. 24).

## II.     Legal Standard under the Antiterrorism and Effective Death Penalty Act (AEDPA)

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002).  This court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86 (2011).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*  (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

2

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Andrade*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529 U.S. at 409).

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. *E.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir.2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id*. The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." 393 F.3d at 973. Rather, AEDPA requires substantially more deference:

> .... [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

3

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir.2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

### III.     Instant Petition

In the remaining ground, ground 1, Lister alleges that federal and state government agents acted in concert and initiated multiple transactions for drugs in multiple jurisdictions and that state task force agents used federal ATF funds to purchase the controlled substances involved in the state case (ECF No.7, p. 3). He further contends that state task force agents enticed him to travel from Washoe County to Pershing County in order to find a jurisdiction sympathetic to their mission involving outrageous government conduct and sentencing entrapment and manipulation. He argues that Judge Wagner failed to make findings of facts on this issue and then sentenced him to a term to run consecutive to his federal sentence. Lister alleges that these actions violated his Fifth and Fourteenth Amendment rights to fundamental fairness and due process. *Id.*

In affirming Lister's conviction, the Nevada Supreme Court explained:

> Appellant JC Lister contends that the district court abused its discretion by ordering the sentence to run consecutively to the sentence imposed in a federal case because "the conduct from the government was sufficiently outrageous" and he was the victim of "sentence entrapment."[FN 1]  *See U.S. v. Staufer*, 38 F.3d 1103, 1106 (9th Cir.1994) ("Sentencing entrapment or sentence factor manipulation occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." (internal quotation marks omitted)). We disagree. Even assuming, without agreeing, that sentence entrapment is a valid consideration in deciding between concurrent and consecutive sentences, the record does not support a finding of sentence entrapment in this case. Further, it is within the district court's discretion to impose consecutive sentences, *see* NRS

4

> 176.035(1), and we conclude that the district court did not abuse its discretion.
>
> -------
> FN1. To the extent that Lister's sentencing entrapment argument could be construed as a defense to the charged offense, such a challenge was waived by the entry of his guilty plea. *See Webb v. State*, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975) (the entry of a guilty plea generally waives any right to appeal from events occurring prior to the entry of the plea).

Exh. 61.

Lister does not argue that the Nevada Supreme Court's decision is contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Respondents point out that this is because the state supreme court's decision is not in fact contrary to or an unreasonable application of clearly established federal law (ECF No. 24, citing *Carey v. Musladin*, 549 U.S. 70, 74-77 (2006)). Accordingly, federal habeas relief is denied as to ground 1. The petition, therefore, is denied.[2]

## IV.    Certificate of Appealability

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463

---

[2] The court notes that Lister filed a traverse in which he asserts that the state district court broke a verbal contract with him when it refused to acknowledge that Lister had provided substantial informant assistance to federal agents (ECF No. 30). Respondents are correct that the traverse improperly attempts to raise a new claim and that in any event such new claim is unexhausted and belied by the record (ECF No. 31; Exhs. 23, 47).

5

U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct.  *Id.*

Having reviewed its determinations and rulings in adjudicating Lister's petition, the court finds that none of those rulings meets the *Slack* standard.  The court therefore declines to issue a certificate of appealability for its resolution of any of Lister's claims.

### V.     Conclusion

**IT IS THEREFORE ORDERED** that the petition (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: 29 March 2016.

ROBERT C. JONES
UNITED STATES DISTRICT COURT